San Antonio & Aransas Pass Railway Company v. Kate Tracy et al.

Decided June 15, 1910.

1.—Contract of Indemnity—Validity.

Where one wrongdoer has contracted to indemnify another for any damages arising from the wrongful act, the party indemnified may recover over against the party who contracted to indemnify.

2.—Same—Case Stated.

A contract between the Pullman Company and a railroad company by which the former, for a valuable consideration, agreed to indemnify the latter against any loss resulting from the injury or death, in consequence of any accident or casualty, of any employee of the former while serving in the line of his duty, would be valid and binding. Such a contract is not contrary to public policy as being a contract of indemnity against negligence.

**3.—Personal Injury—Performance of Duties—Charge.**

In a personal injury case the court conditioned the right of the plaintiff to a recovery on the facts, among others, that she was in the employment of the defendant and was at work in one of its cars at the time she was injured. Held, the contention that the court erred in not instructing the jury that the plaintiff must have been in the discharge of her duties as an employee at the time she was injured, was without merit when considered in the light of the evidence and a special charge given by the court at the request of the appellant.

**4.—Appeal—Favorable Charge.** ·

An appellant can not complain of a charge which was practically in its favor and which added unnecessarily to the burden of the appellee in making her case.

**5.—Practice—Withdrawal of Charge.**

An appellant will not be heard to say that it was prejudiced by the action of the trial court in withdrawing an erroneous charge which had been at first given and read to the jury at appellant's request.

**6.—Appeal—Brief—Violation of Rules.**

Assignments of error which are not presented in the briefs in accordance wih the rules regulating that subject, will not be considered.

Appeal from the 57th Judicial District, Bexar County. Tried below before Hon. Arthur W. Seeligson.

*Houston, Boyle, Storey & Davis,* for appellant, San Antonio & A. P. Ry. Co.—The court erred in sustaining the general demurrer of the Pullman Company to this defendant's second amended original answer and cross bill filed October 25, 1909, and in rendering judgment against this defendant on account thereof because said cross bill stated a cause of action just and proper to be maintained in this suit. McFadden v. Schill, 84 Texas, 77; Galveston, H. & S. A. Ry. Co. v. Le-Gierse, 51 Texas, 200; Williams v. Bradbury, 9 Texas, 489; Buffalo Bayou Ship Canal Co. v. Bruly, 45 Texas, 8; Story on Eq. Plead., sec. 236; Skipwith v. Hurt, 94 Texas, 322; Galveston, H. & S. A. Ry. Co. v. Nass, 94 Texas, 258; International & G. N. Ry. Co. v. Kernan, 78 Texas, 297; United States Fidelity Co. v. Fossati, 97 Texas, 497; Philadelphia Underwriters v. Ft. Worth & D. C. Ry. Co., 31 Texas Civ. App., 104; City of San Antonio v. Smith, 94 Texas, 266.

*Guinn & McNeill,* for appellee, Pullman Company.—The cross bill of defendant railroad company in view of the plaintiff's pleadings did not state a cause of action against this defendant and the demurrer was well taken. Schueler v. Mueller, 193 Ill., 402; Whitten v. Nevada, P. L. & W. Co., 132 Fed., 782.

*Earnest Fellbaum, Perry J. Lewis* and *H. C. Carter,* for appellee, Tracy.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellant and the Pullman Company alleging that she was an employee of the latter, and that on two occasions, the one in February, 1908, and the other in April, 1908, while engaged at her work in a Pullman car, she had been seri-

ously and permanently injured by a locomotive and cars being propelled by appellant against the car in which she was working, and she charged negligence against appellant for striking said car, and against the Pullman Company for failing to guard against such collisions. In an amended petition the Pullman Company was omitted, but it was retained in the suit by reason of an answer of appellant which impleaded it, in which it was alleged that the Pullman Company had agreed to hold appellant harmless for any injuries to its employees. A general demurrer of the Pullman Company to the cross-bill of appellant was sustained and the Pullman Company was dismissed from the suit. A third amended original answer was then filed which is signed by the attorneys of appellant as well as the attorneys of the Pullman Company. It is stated in that answer that exception to the action of the court in sustaining the demurrer of the Pullman Company to the former answer, is not waived by filing that answer.

The cause was tried, as between Kate Tracy and appellant, with the aid of a jury, and a verdict and judgment were rendered in her favor for six thousand dollars. This appeal is prosecuted by appellant both as to Kate Tracy and the Pullman Company, and both have filed briefs in this court.

The facts show that Kate Tracy, an employee of the Pullman Company, while engaged in the discharge of her duties, was seriously and permanently injured through the negligence of appellant in violently propelling a locomotive and cars against the car in which she was at work.

The first, second and third assignments of error assail the action of the court in sustaining a general demurrer to those portions of the second amended answer which sought a recovery over against the Pullman Company. Those parts of the answer are as follows:

"And further answering, this defendant says that on the 19th day of February, A. D. 1900, the defendant Pullman Company entered into a contract in writing with the defendant, the San Antonio & Aransas Pass Railway Company, which contract was in full force and effect on the respective dates on which plaintiff alleges she received her injuries complained of in her petition, and which is still in full force and effect, by the terms of which contract the defendant Pullman Company, for a valuable consideration, agreed and bound itself to indemnify the said San Antonio & Aransas Pass Railway Company and hold it harmless against any loss resulting from the injury or death, in consequence of any accident or casualty, of any employee of the Pullman Company when serving in the line of his duties, or while being transported free of charge at the request of any officer of the Pullman Company. . . .

"That at the several times alleged in plaintiff's petition she was employed by the Pullman Company for the purpose of cleaning cars belonging to said company, and that said Pullman Company was required, and it was the duty of said company, to clean said cars upon a certain track designated by this defendant, and while such cars were being cleaned, to put out signals to notify the employees of defendant engaged in switching in its yards, so that such employees might be informed whether any employees of said Pullman Company were upon

or about such cars, and that on the several occasions stated in plaintiff's petition the said Pullman Company undertook to have its said cars cleaned by its employees upon a track in defendant's yards other than the track designated for that purpose, and negligently failed and refused while so engaged in the work of cleaning said cars to put out the necessary signals to inform defendant's employees engaged in switching in said yards that the employees of said Pullman Company were working upon its said cars, and defendant did not know and could not know that any employees of the Pullman Company were working upon its said cars on the several occasions stated in plaintiff's petition, by reason of the negligence of the Pullman Company as aforesaid, and that plaintiff's injuries, if any she sustained at the times and on the occasions stated, resulted from and were caused by such negligence on the part of the said Pullman Company."

If, as alleged, the Pullman Company agreed to indemnify appellant against any loss resulting from the injury or death, in consequence or any accident or casualty, of any employee of the Pullman Company while serving in the line of his duty, the indemnifier would be bound by its agreement. It would not be a contract against the negligence of appellant, such as would be contrary to public policy, but would rather be in the line of a contract made by guaranty companies against accidents and casualties, which are everywhere recognized as legitimate and proper. As said by this court in the case of Pullman Company v. Norton, 91 S. W., 841: "In cases where one wrongdoer has contracted to indemnify another for any damages arising from the wrongful act, it has been held that the party indemnified may recover over against the party who contracted to indemnify."

In the case of Kansas City, M. & B. v. Southern Ry. News Co., 52 S. W., 205, a news company had agreed to indemnify the railroad company for injuries inflicted upon its employees, and the Supreme Court of Missouri said: "It is contended that the contract sued on is against public policy and is for that reason void. The argument in support of this contention is made from the standpoint of the deceased news agent and his relation to the railroad company, and is predicated on the well-settled principle that a common carrier can not, by contract, limit its liability to a passenger for the negligence of its servants. . . . But the contract in question is not with a passenger; it is not with a person to whom the company owed a duty as a common carrier of passengers; nor does it in terms, as it could not in effect, attempt to relieve the railroad from any of its duties or liabilities as such. The contract is simply one of indemnity by which the news company agreed for a valuable consideration to indemnify the railroad company against loss which the latter might sustain by reason of the duty it would incur to the news agent, as a common carrier of passengers, in carrying out the contract."

In the case of Boston & A. R. R. Co. v. Mercantile Trust & Deposit Co., 34 Atl., 778, the question under consideration was fully investigated by the Court of Appeals of Maryland, and it was stated: "In the argument at the bar it was insisted with great earnestness and marked ability that all policies issued by the casualty and indemnity

company to carriers of passengers indemnifying the carriers against their liability for injuries to persons, are void because contrary to public policy. The contention is that, as the law exacts from the carriers of passengers the exercise of the utmost care and diligence which human foresight can use to avoid an injury, any contract which relieves the carrier of his duty to the public in this regard, or lessens his liability for all or any of the wilful, criminal and negligent acts of his employees or his managers and himself, is detrimental to the interests of the public as · understood by the courts at this time, and is therefore repugnant to public policy. . . . While the carrier will not be permitted by contract or otherwise to exempt himself from liability for losses caused by his own negligence or the negligence of his servants, there is no° reason of public policy which prohibits him from contracting with a third person for insurance against these very same losses. Consequently he may, by insurance, indemnify himself against loss of or injury to property intrusted to his care, even where the loss or injury is caused by his own or his servant's negligence." That decision is well supported by authority. Trenton Pass R. R. Co. v. Guarantors' Indemnity Co. (N. J.), 37 Atl., 609; New York Cen. R. R. Co. v. Lockwood, 17 Wall., 357; Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S., 397; California Ins. Co. v. Union Compress Co., 133 U. S., 387.

In the Missouri case herein cited, it was anticipated that a distinction might ·be attempted to be drawn between a formal contract of insurance and one made by a party who was not in the insurance business, and the court held: "But a mere contract of insurance is nothing more nor less than a contract of indemnity against loss, as is this with the defendant, and the principles governing must be the same in each; and, as nothing can be predicated of the contract in this case which could interfere with or affect the liability of the carrier to the person injured, there is nothing in it to take it out of the principle of those cases or render it obnoxious to public policy."

We are of the opinion, therefore, that the general demurrer did not reach that part of the answer of appellant setting up the contract of indemnity, and if, as alleged in the other part of the answer, the Pullman Company had agreed to put out signals when its employees were at work in its cars in the yards, it was liable to appellant for any damages the latter might be required to pay by reason of the negligence of the Pullman Company in not giving the signal. That negligence would bring it directly within the purview of the Norton case herein cited, and the case of Galveston, H. & S. A. Ry. v. Pigott, 54 Texas Civ. App., 367 (116 S. W., 841), decided by this court, because the negligence of the Pullman Company would be the active agency in bringing about the injury of Kate Tracy.

The authorities, cited herein, which sustain and uphold the right of appellant to implead the Pullman Company under the contract between them, denounce a contract against negligence as affecting the rights of Kate Tracy, whether entered into between her and appellant or between her and the Pullman Company. That company may bind itself to indemnify appellant for damages resulting to the employees of the former, but it can not evade its responsibility by compelling its

employees to waive all damages that may be inflicted by appellant. Such a contract is a monstrosity that will meet with condemnation in any court of Texas, whatever may be the rule in Federal Courts and other State Courts. The contract in question is condemned and rendered invalid by article 4560i, Revised Statutes. If the contention of appellant, that the statute does not apply because the contract was not made between an employe and a railroad or street railway, should be sustained, railway companies could annul the law by having the contract made with some other corporation or person, and then claim immunity by reason thereof. The fourth and fifth assignments of error are overruled.

The sixth and seventh assignments are not followed by a statement showing what was in the charge of which complaint is made, and the paragraph of the charge is not pointed out. They are, however, without merit. There was evidence tending to show not only a derailment of the car, but that there was a prior collision with it.

The criticism of the charge embodied in the eighth assignment of error is overruled. The court conditioned Kate Tracy's right to recover, among other things, on the fact that she was in the employment of the Pullman Company and was at work in one of its cars, and there is no force in the contention that the court erred in not telling the jury that she must have been in the discharge of her duties as an employee. Appellant, in its presentation of the issues, in one of the special charges given by the court, used almost the same language used by the court. The evidence showed that Kate Tracy was in the discharge of her duties as employee of the Pullman Company when she was injured.

The ninth and tenth assignments of error do not point out any error that is being assailed and are too indefinite and general to be considered.

Appellant has no ground for complaint in that the charge conditioned the injured party's right to recover on evidence that she had not assumed the risks of the collision of the cars. It added to her burdens unnecessarily, and the eleventh assignment of error is overruled.

The court gave a charge, requested by appellant, in which the jury was instructed that the evidence did not show that plaintiff's back was strained and torn, or the functions of her kidneys and bladder impaired, or sides injured, or that she suffered partial paralysis of the arms, and afterwards withdrew it, with the admonition that the jury should not consider it. This action is made the subject of the twelfth assignment of error. There was evidence tending to show that the plaintiff was hurt in her back, and that her arms were partially paralyzed and the charge was improperly given, and the error could only be remedied by its withdrawal. Its withdrawal could not have led the jury to believe that all the injuries were inflicted, because the jury, in the eleventh special instruction, were told that the injured party had not been hurt in her bladder and kidneys, or her hearing impaired or arms paralyzed. Appellant should not be allowed to profit by the withdrawal of an improper charge which it had induced the court to

place before the jury. It can not be heard to say that the withdrawal of its erroneous charge injured its cause.

Special charges embodying every feature of the charges, the refusal of which is complained of in the thirteenth and fourteenth assignments of error, were given by the court to the jury and those assignments of error are overruled.

.The fifteenth, sixteenth and seventeenth assignments of error are overruled. The verdict is sustained by the evidence.

The judgment as between appellant and Kate Tracy is affirmed, but it is reversed as between appellant and the Pullman Company, and the cause is remanded for a trial of the issues between them.

*Affirmed in part and reversed and remanded in part.*

Writ of error refused.